IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ANDREW PAIGE, ) | |
| ) | |
| Movant, ) | |
| ) | No. 3:23-cv-01102 |
| v. ) | Judge Trauger |
| ) | |
| JAMES M. HOLLOWAY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

The movant, James Andrew Paige ("Paige" or "the movant"), has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction out of the Davidson County Criminal Court in Nashville, Tennessee on three counts of rape. On June 17, 2024, the court dismissed the petition for a writ of habeas corpus to allow for the exhaustion of state remedies. (Doc. No. 15.) The movant, a state prisoner, has filed a motion to reconsider, (Doc. No. 16.), a supplemental motion to reconsider, (Doc. No. 20.), and a motion for an evidentiary hearing. (Doc. No. 24). On this court's order (Doc. No. 21), the respondent filed a response to the motion for reconsideration. (Doc. No. 23). For the reasons that follow, the motion for reconsideration, the supplemental motion to reconsider, and the motion for an evidentiary hearing are denied.

**I.     Background**

Paige filed an amended *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court ordered Paige to show cause why the petition should not be dismissed as untimely. (Doc. No. 13.) In response, Paige filed a "motion to show cause." (Doc. No. 14). Therein, Paige stated that he was in the process of exhausting state remedies. *Id.* More precisely, Paige stated that he

1

was still litigating his motion for a new trial (which had been pending since 2021), and, upon receiving a ruling, he intended to file a direct appeal. *Id.* The court dismissed the petition without prejudice because Paige had yet to exhaust his claims in the state courts. (Doc. No. 15).

II. **The motion and supplemental motion for reconsideration.**

Paige in his motion for reconsideration and in his supplemental motion for reconsideration asks to be excused from exhausting his state court remedies on the ground that his motion for a new trial had been lingering for over three years in the state courts and this delay excuses him from the exhaustion requirement.

Local Rule 7.01 provides the regulations related to filing motions in the Middle District of Tennessee. Local Rule 7.01(b) allows a party to

> file a motion to reconsider the Court's ruling within fourteen (14) days after service of the order reflecting the action of the Judge. However, notwithstanding any other provisions of this rule, the prevailing party shall not respond to a motion to reconsider under this section unless the Court orders a response.

Local Rule 7.01(b).

As an initial matter, it appears that Paige's motion for reconsideration is untimely. The court dismissed the petition on June 17, 2024. The motion for reconsideration is signed and dated July 27, 2024. Under the "prison mailbox rule," submissions by *pro se* petitioners are considered filed at the moment of delivery to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988). Paige has sworn, under penalty of perjury, that he presented his motion for reconsideration to prison officials on July 27, 2024, thus, the court will accept that date as the filing date, under the prison mailbox rule. *See e.g. Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002). However, even giving Paige the benefit of the prison mailbox rule, the motion for reconsideration was not timely filed.

2

Timeliness issues aside, Paige is also not entitled to reconsideration of the court's summary dismissal order because the delays in adjudicating his motion for a new trial do not excuse him from exhaustion.

Although a futility exception to the exhaustion requirement exists, *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981), a habeas petitioner is nonetheless required to demonstrate that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Some courts have excused a habeas petitioner's failure to exhaust his state court remedies where the petitioner shows an "inordinate delay" in the state court's resolution of the petitioner's postconviction motion. *Johnson v. Bauman*, 27 F.4th 384, 391 (6th Cir. 2022) (citing *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (collecting cases)). Nonetheless, "a lengthy proceeding, while in some instances lamentable, does not always leave a petitioner incapable of securing his rights—that is, in the words of the statute, does not necessarily imply that 'circumstances' beyond the petitioner's control have rendered the 'process ineffective to protect [his] rights[.]'" *Id.* (citing 28 U.S.C. § 2254(b)(1)(B)(ii)). The Sixth Circuit has indicated that nothing in the habeas statute excuses the exhaustion of state court remedies merely because of a delay in the state court process. *Id.*, at 391-93. Although a petitioner's failure to exhaust his claims may be excused where "circumstances exist that render [the state's corrective] process ineffective to protect the rights of the applicant," *Id.* at 388 (quoting § 2254(b)(1)(B)(ii)), the Sixth Circuit found that "the inordinate delay exception, if taken at face value, could exceed the statutory 'ineffective' standard, expanding § 2254(b)(1)(B)(ii)'s scope beyond both its text as well as the preexisting exceptions that the [habeas] statute codified." *Id.*, at 394. Although the Sixth Circuit in its prior cases had failed to

3

"explicitly define" what an inordinate delay means, it never held that a petitioner demonstrated "inordinate delay" through delay alone. *Id.*

Secondly, "a failure to exhaust may be excused only if the state is responsible for the delay." *Johnson,* 27 F.4th at 394. The Sixth Circuit indicated that the court had "applied these two guideposts…in a manner that aligns with the statute's original meaning as well as the common law exhaustion doctrine that preceded the statute." *Id.*

Paige has failed to show that the delays in adjudicating his state motion for a new trial present exceptional circumstances that would justify excusing the exhaustion of state court remedies. *Johnson v. Bauman*, 27 F.4th at 395. The motion for a new trial remained pending in the state trial court for three years; however, the case did not sit idle in the state courts. *Id.*

On November 29, 2021, trial counsel filed a motion for new trial and requested permission to file an amended motion for new trial at an appropriate time. (Respondent's Attachment 4, Doc. No. 23-4). Public information available through the Davidson County Criminal Court Records System demonstrates that the motion for new trial evidentiary hearing was continued numerous times. (Respondent's Attachment 2, Doc. No. 23-2). Records obtained reveal that the appointment order appointing post-trial counsel to represent Paige with respect to his motion for a new trial was signed on May 26, 2023. (Respondent's Attachment 5, Doc. No. 23-5). Thereafter, post-trial counsel filed an amended motion for new trial on August 30, 2024. (Respondent's Attachment 6, Doc. No. 23-6). The trial court held an evidentiary hearing on the motion that same day. (Respondent's Attachment 2, pp. 6, Doc. No. 23-2, PageID.280). The trial court entered its final order denying Paige's motion for new trial on October 8, 2024. (Respondent's Attachment 7, Doc. No. 23-7).

4

Paige, in his response to the court's earlier order to show cause, gave some insight into the reasons behind the delays in adjudicating his motion for a new trial. In a letter from Paige's trial counsel to the Director of Tennessee's Board of Professional Responsibility's Consumer Assistance Program, Beverly Sharpe, trial counsel informed her that there was "nearly a year" delay regarding the production of the trial transcripts needed to prepare the motion for a new trial because the court reporter "was out of commission due to medical issues for lengthy periods of time[.]" (Doc. No. 14-1, PageID169.) In a letter to Paige, trial counsel informed him that the transcripts were requested around June 28, 2022. Trial counsel provided the completed transcripts to Paige by mail on January 5, 2023. (*Id.* at PageID.155, 160.) Trial counsel also explained in his letter that Paige and his family retained trial counsel to represent him "through his Trial" and trial counsel "was not retained to represent him past that point." (*Id.* at PageID169.) Trial counsel also indicated that he had informed Paige previously that he "was actively working to have alternative counsel appointed to his case so he would have skilled representation at no additional cost to him or his family moving forward[.]" (*Id.*). Paige, in fact, was appointed new counsel prior to trial counsel's authoring of his letter to Ms. Sharpe. (*Id.* at PageID.163; see also Respondent's Attachment 6, Doc. No. 23-6).

Paige fails to show that the delay in adjudicating his motion for a new trial presents exceptional circumstances that would justify excusing the exhaustion of state court remedies. *Johnson v. Bauman*, 27 F.4th at 395. The case has not sat idle for a number of years in the state courts with no activity. *Johnson,* 27 F.4th at 395. None of the time periods are "particularly striking when considered against the backdrops of both post-sentencing litigation, which often proceeds incrementally, and the much longer gaps [which the Sixth Circuit has] addressed in some of [their] other inordinate delay cases." *Id.* at 395. Paige presented no evidence to show that the

delay was due to malfeasance or bad faith on the state trial court's part. *Id.* at 396. Paige has also failed to show that the state is "clearly ... responsible" for all the delays. *Id.*

This court also takes judicial notice of the fact that much of the activity in Paige's case regarding his motion for a new trial before the trial court took place during the COVID-19 pandemic, which had an adverse effect on court operations both at the state and federal level for much of the time period between 2020 and 2022. Some of the delays in this case were no doubt due to court closures undertaken to ameliorate the spread of the disease. While this caused unfortunate delays in many court proceedings, it would not excuse Paige's failure to exhaust his claims. *See Crowley v. Miniard*, No. 2:21-CV-10183, 2021 WL 1085154, at *2 (E.D. Mich. Feb. 10, 2021) ("Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, there is no indication that Petitioner cannot obtain relief in the state courts.") Indeed, the COVID-19 pandemic caused this court's operations to be delayed due the efforts taken to contain the pandemic. *See United States v. Haji-Mohamed*, 533 F. Supp. 3d 598, 602 (M.D. Tenn. 2021) (the court, in rejecting § 2255 movant's prosecutorial vindictiveness claim, took judicial notice of the fact that, due to the COVID pandemic, all grand jury proceedings, with certain exceptions, had been suspended in the Middle District of Tennessee, since mid-March 2020); *United States v. Faught*, No. 3:18-CR-00186, 2021 WL 288756, at *2 (M.D. Tenn. Jan. 27, 2021), *aff'd*, No. 21-6123, 2022 WL 2813240 (6th Cir. July 19, 2022) (district court, in denying defendant's motion to dismiss indictment, took note of the fact that a hearing on the defendant's motion to suppress and his trial were delayed due to the COVID-19 pandemic).

The court further indicated that Paige's claims would remain unexhausted until he files an appeal with the Tennessee Court of Criminal Appeals, as he claimed in his earlier response to the order to show cause that he intended to do. Under Tennessee Supreme Court Rule 39, a Tennessee

6

Case 3:23-cv-01102   Document 27   Filed 01/29/25   Page 6 of 8 PageID #: 339

prisoner challenging his state court conviction exhausts his claims by filing an appeal of right with the Tennessee Court of Criminal Appeals ("TCCA"). *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003). Pursuant to Tennessee Rules of Appellate Procedure 4(a), a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" A motion for a new trial tolls the time for filing the notice of appeal. Tenn. R. App. P. 4(c). It is unclear whether Paige has filed an appeal of right with the Tennessee Court of Criminal Appeals. If he has not done so, the 30-day time period for filing an appeal following the denial of his motion for a new trial on October 8, 2024, has expired. However, under Tennessee appellate procedure, "[T]he untimely filing of a notice of appeal is not always fatal to an appeal." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). The reason for this is that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id.* (quoting Tenn. R. App. P. 4(a)). A party who seeks a waiver of the timeliness of the notice of appeal should file a motion with the Tennessee Court of Criminal Appeals requesting the waiver pursuant Tennessee Rule of Appellate Procedure 4(a). *Id.* Assuming that Paige has not yet filed an appeal of right with the Tennessee Court of Criminal Appeals, he could still seek a waiver of the timely notice of an appeal from that court and pursue an appeal of right to exhaust his claims. Paige's failure to attempt to pursue his claims in state court through to the Tennessee Court of Criminal Appeals "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]." *See Dillon v. Hutchinson,* 82 F. App'x 459, 462 (6th Cir. 2003).

For these reasons, the court will deny the motion for reconsideration and the supplemental motion for reconsideration.

7

Case 3:23-cv-01102   Document 27   Filed 01/29/25   Page 7 of 8 PageID #: 340

### III. The motion for an evidentiary hearing.

Paige has also filed a motion for an evidentiary hearing. (Doc. No. 24). In light of the fact that he has not exhausted his claims, he is not entitled to an evidentiary hearing at this time. *See e.g. Alley v. Bell*, 307 F.3d 380, 388-90 (6th Cir. 2002) (Federal habeas petitioner was not entitled to evidentiary hearing on his unexhausted claims of judicial bias, given his failure to pursue claims in state court despite his awareness of alleged bias on part of trial judge and evidentiary hearing regarding bias issue in state court).

### IV. Conclusion and Order

As explained herein, Paige's motion for reconsideration, his supplemental motion for reconsideration, and his motion for an evidentiary hearing are **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

8

Case 3:23-cv-01102 Document 27 Filed 01/29/25 Page 8 of 8 PageID #: 341